IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNESTO FRANCISCO LOPEZ BLANDON | : | CIVIL ACTION |
| | : | |
| | : | No. 26-4796 |
| v. | : | |
| | : | |
| J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al. | : | |
| | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                    **July 13, 2026**

Petitioner Ernesto Francisco Lopez Blandon brings this petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security

(DHS).  He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A)

is unlawful.  Because § 1225(b)(2) does not apply to noncitizens like Lopez Blandon who have

resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Ernesto Francisco Lopez Blandon is a 37-year-old native of Nicaragua who entered the

United States at the Mexican border in November 2022 to seek asylum.  Pet. ¶¶ 1, 20, Dkt. No. 1.

Shortly after entering the country, Lopez Blandon was encountered by DHS officers.  *Id.* ¶ 21.  He

was detained and processed by DHS before being released to live in Philadelphia.  *Id.*  Following

his release, Lopez Blandon established community in Philadelphia, residing with his spouse and

her family, attending church events locally, and playing an instrument in the church band.  *Id.* ¶

22.  He began learning English and complied with all conditions of his immigration release,

attending each scheduled ICE check-in appointment.  *Id.* ¶¶ 22-23.

Although DHS advised Lopez Blandon that he would be placed in immigration removal

proceedings, removal proceedings were not initiated.  *Id.* ¶¶ 21, 23.  As a result, Lopez Blandon

timely filed an affirmative Form I-589, Application for Asylum, with U.S. Citizenship and Immigration Services (USCIS) and later obtained work authorization and worked to support his family. *Id.* ¶ 23. As of July 9, 2026, when he was taken into custody, he was awaiting an in-person interview in connection with his asylum application. *Id.* ¶¶ 23-24.

On July 9, 2026, Immigration and Customs Enforcement (ICE) officials took Lopez Blandon into custody when he appeared for a scheduled check-in appointment at the ICE Philadelphia field office. *Id.* ¶ 24. During the encounter, Lopez Blandon was permitted to call his wife, who contacted the Defender Association of Philadelphia and retained the office to represent her husband in matters before ICE and in this habeas matter. *Id.* ¶ 25. An attorney from the Defender Association then traveled to the ICE field office but was not permitted to speak with her client, even after Lopez Blandon signed a Form G-28, Entry of Appearance of Attorney, confirming the representation. *See id.* ¶¶ 25-28, 30-31, 35. ICE officers advised Lopez Blandon's counsel her client was being detained so he could be placed in removal proceedings, though there is no indication such proceedings have been commenced to date. *See id.* ¶¶ 32, 38. In response to counsel's advocacy against detention, ICE officers stated they had "no discretion" and that detention was the "only option." *Id.* ¶¶ 32-33. The officers also refused to provide counsel with a medical staff contact at the Philadelphia Federal Detention Center (FDC) to ensure adequate medical treatment for Lopez Blandon, who was recovering from surgery and using crutches and a leg brace at the time he was taken into custody. *See id.* ¶¶ 2, 24, 26, 34. Lopez Blandon was subsequently transferred to the FDC, where he is currently detained. *Id.* ¶¶ 2, 37.

On July 10, 2026, Lopez Blandon filed the instant habeas petition, seeking release on the grounds that his detention pursuant to § 1225(b)(2)(A) violates the plain language of the Immigration and Nationality Act (INA), the Administrative Procedure Act, and his substantive

2

and procedural due process rights under the Due Process Clause of the Fifth Amendment. Lopez Blandon also alleges Respondents have violated his Fifth Amendment due process rights by interfering with and preventing his ability to contact, retain, consult, and communicate with counsel, and his statutory and regulatory right under the INA to an asylum interview and initial adjudication by USCIS. The Government responded to the petition on July 13, 2026. It maintains Lopez Blandon is lawfully detained pursuant to § 1225(b)(2)(A) under a correct interpretation of the statute and that such detention does not violate due process.

**DISCUSSION**

This case turns on a question of statutory interpretation that this Court and many others, in this district and elsewhere, have previously resolved against the Government. The provision in question—§ 1225(b)(2)(A)—states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." In *Ndiaye v. Jamison*, this Court interpreted § 1225(b)(2)(A) to be limited to "noncitizens who are just arriving or have recently arrived in the country." No. 25-6007, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025). The Court found this interpretation was supported by the language of the statute—including the phrase "seeking admission," which "connotes some affirmative, present-tense action"—as well as the structure of the INA, longstanding agency practice, the passage of the Laken Riley Act, and the canon of constitutional avoidance. *Id.* at *5-8. The Court further held that detention of noncitizens already present in the country is governed by different provision—8 U.S.C. § 1226(a)—which "authorizes discretionary detention with the opportunity for a bond hearing." *Id.* at *4-5.

3

The Government acknowledges that courts in this district have addressed this issue in hundreds of prior cases, Resp'ts' Opp'n 1, Dkt. No. 4, reaching the same conclusion this Court reached in *Ndiaye*. Nevertheless, the Government continues to press its contrary interpretation. The issue is now the subject of a circuit split. Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'" *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).[1] The Second, Sixth, Tenth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-34 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior and affirming due process relief requiring individualized bond hearings under § 1226(a)); *Santillan Quiroz v. Mullin*, __ F.4th __, 2026 WL 1876709, at *13 (10th Cir. June 30, 2026) (concluding "§ 1225(b)(2)(A) is limited to the border, and that [petitioner] is an 'applicant for admission' but not 'seeking admission'");

---

[1]    A divided Fifth Circuit panel recently found due process allows "the Government [to] detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." *Rodriguez v. Ortega*, __F.4th__, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026). Because the Court is granting the petition on statutory grounds, it need not address Lopez Blandon's Due Process claims.

4

*Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission.").[2]

While none of the foregoing appellate authority is binding on this Court, the decisions in *Barbosa da Cunha*, *Lopez-Campos*, *Santillan Quiroz*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa Da Cunha*, 175 F.4th at 71. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Lopez Blandon] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Lopez Blandon's present detention did not occur at or near the border or during an ongoing inspection process. He entered the United States in 2022, lived here for more than three years, and was detained by ICE in the interior in July 2026. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Lopez Blandon's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[2]    The Third Circuit has not yet addressed the issue presented in this case but heard oral argument in a pair of consolidated cases presenting the issue on May 11, 2026. *See* Resp'ts' Opp'n 2.